UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                   Chapter 13

GLENN HARLAN MELTON,                                  Case No. 8-11-70984-reg
                                          Debtor.
------------------------------------------------------------x

### *SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW*

This matter is before the Court pursuant to an application (the "Application") brought by Glenn Harlan Melton (the "Debtor") for an Emergency Order to Show Cause (the "Order to Show Cause") why the order (the "Order") granting the motion filed by Lehman Brothers Holdings, Inc. ("Lehman Brothers") to confirm the termination or absence of the automatic stay (the "Motion") should not be stayed pending appeal, and for other relief. For the reasons stated below, the Application is denied.

*Facts*

The Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on February 18, 2011. This is the Debtor's tenth filing for bankruptcy relief since 2006.[1]

---

[1] The Debtor's history in and out of bankruptcy court is as follows. The Debtor filed for chapter 13 relief on December 20, 2006 (06-73354), which was automatically dismissed pursuant to 11 U.S.C. § 521(I) on February 6, 2007. The Debtor filed for chapter 13 relief on March 27, 2007 (07-71058), which was automatically dismissed May 14, 2007. The Debtor filed for chapter 13 relief on July 17, 2007 (07-72675), which was automatically dismissed September 4, 2007. A judgment of foreclosure and sale was entered on April 15, 2008, and the sale was scheduled for July 1, 2008. On the date of the sale, July 1, 2008, the Debtor filed for chapter 13 relief (08-73488), which was dismissed upon the chapter 13 trustee's motion on September 29, 2008. A new foreclosure sale was scheduled for November 18, 2008. On the date of the sale, November 18, 2008, the Debtor filed for chapter 7 relief (08-76532), which was automatically dismissed on January 6, 2009. A new foreclosure sale was scheduled for May 9, 2009. The Debtor filed for chapter 13 relief on April 29, 2009 (09-72989), which was automatically dismissed on June 15, 2009. A motion to confirm the absence of the automatic stay was filed by Lehman Brothers, but the case was dismissed before the motion was heard. Lehman Brothers was the successful purchaser at a sale on May 5, 2009. A referee's deed was

On February 24, 2011, Lehman Brothers Holdings, Inc. ("Lehman Brothers"), filed the Motion to confirm the termination or absence of the automatic stay pursuant to Section 362(c)(4)(A)(i) of the Code. The Motion also requested *in rem* relief pursuant to 11 U.S.C. §§ 362(d)(4) and 105(a). The real property that was the subject of the Motion is located in Hempstead, New York (the "Hempstead Property"). The Debtor did not file a response to the Motion. At a hearing on the Motion held on March 16, 2011, the Debtor appeared without counsel. The Court granted the Motion and required Lehman Brothers to settle the Order on the Debtor.

On March 17, 2011, Lehman Brothers filed a Notice of Settlement of a proposed order on the Debtor. On March 22, 2011, the Debtor filed an objection (the "Objection") to the Notice of Settlement and proposed order. The Objection stated *inter alia* that the "stay must not be lifted because the state court litigation can resolve issues of title and possession and I must be allowed to pay use and occupancy during the state court appeal and litigation process."

On March 30, 2011, the Court entered the Order which provided:

(i) that pursuant to 11 U.S.C 362(c)(4)(A)(i) the stay under Section 362(a) did not

---

attached to the Motion. The Debtor failed to vacate the Hempstead Property (defined infra) and Lehman Brothers served a ten day notice to quit. When the Debtor again failed to vacate, Lehman Brothers served a notice of petition and petition to recover property, returnable on December 22, 2009. The Debtor filed for chapter 13 relief on December 18, 2009 (09-79704), which was automatically dismissed February 2, 2010. Lehman Brothers was granted a judgment of possession and warrant of eviction; execution was stayed until July 10, 2010. Lehman Brothers requested the sheriff to serve notice of eviction, and a lockout was scheduled for August 17, 2010. The Debtor filed for chapter 13 relief on August 13, 2010 (10-76401), which was automatically dismissed on September 28, 2010. The Debtor filed for chapter 13 relief on December 6, 2010 (10-79488), which was automatically dismissed January 21, 2011. Lehman Brothers sought relief from the automatic stay with prejudice, but the case was automatically dismissed. Lehman Brothers requested a notice of eviction by the sheriff on February 22, 2011. The Debtor filed the instant case on February 18, 2011.

>take effect upon the filing of the instant bankruptcy petition, and . . .
>
>(ii) that "any future filing by the Debtor or any other person or entity claiming an interest in the subject property within two years from the entry of this order, shall not operate as an automatic stay against Movant, its successors and/or assigns, except upon separate and proper application to the Court.

(Court Docket No. 23)

On April 6, 2011, the Debtor filed a notice of appeal to the district court, a civil cover sheet, and statement of issues on appeal (the "Appeal"). The Appeal states that the Court abused its discretion in its consideration of the Debtor's counter proposal and that the prohibition from filing for two years is excessive. The Debtor also states in the Appeal that the Court did not properly consider that the Debtor has a pending appeal in state court and that the Court violated the due process clause of the United States Constitution.

On April 13, 2011, the Debtor filed the instant Application. The Application makes substantially the same allegations that the Debtor alleges in the Appeal. As an attachment to the Application, the Debtor included a Notice to Vacate issued by the Nassau County Sheriff's Department, dated April 13, 2011, which required the Debtor to vacate the premises after seventy-two hours from the date of service. On April 13, 2011, the Court entered the Order to Show Cause and scheduled a hearing on the Application for April 15, 2011.

The Debtor did not file an affidavit of service and did not file supplemental papers on the Court's docket. Instead, the Debtor sent supplemental papers (the "Supplemental Papers") to the Court via electronic mail. The Debtor's Supplemental Papers stated that the Debtor would provide payments of $2,000 a month to protect the interest of the "secured mortgage creditor" starting on May 1, 2011. The Debtor cited to 11 U.S.C. § 361, which relates to adequate protection, and case law related generally to 11 U.S.C. § 362.

3

On April 14, 2011, the chapter 13 trustee (the "Trustee") filed an affidavit in opposition to the Order to Show Cause. The Trustee indicates that he was not properly served pursuant to the Order to Show Cause which provided for service via overnight mail or Federal Express. The Debtor handed the Order to Show Cause to the Trustee in person. The Trustee alleges that in all of the Debtor's chapter 13 cases filed in 2009 and 2010, the Debtor never paid money to the Trustee, failed to provide mandatory disclosure statements pursuant to Local Bankruptcy Rule 2003-1, and failed to file a chapter 13 plan that repays creditors. In the instant case, the Debtor has not been examined by the Trustee because the Debtor has not provided a full set of schedules and other documents required by the Code. In addition, the Debtor has not shown evidence of making post-petition mortgage payments in any of his chapter 13 filings. The Trustee argues that Section 362(c) is clear that no stay is in effect where the Debtor has had two prior filings within the previous year and the Court "clearly did not abuse its discretion." The Trustee does not believe that a stay pending appeal should be imposed.

*Discussion*

The bankruptcy court's authority to issue relief pending appeal is governed by Bankruptcy Rule 8005. Fed. R. Bankr. P. 8005. The decision whether to grant relief on a motion for a stay pending appeal lies within the Court's discretion. *ACC Bondholder Grp. v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 361 B.R. 337, 346 (S.D.N.Y. 2007). The Court must consider four factors: "'(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected.'" *Id*. (quoting *Hirschfeld v.*

*Bd. of Elections in the City of New York*, 984 F.2d 35, 39 (2d Cir. 1993). *Accord Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002); *In re Savage & Assocs.*, No. 05 Civ. 2072 (SAS), 2005 WL 488643, at *1 (S.D.N.Y. Feb. 28, 2005); *Silverman v. Nat'l Union Fire Ins. Co. of Pittsburgh (In re Suprema Specialties, Inc.)*, 330 B.R. 93, 94–95 (S.D.N.Y. 2005)). While some courts have held that failure on one factor "dooms" the motion, *see e.g. Green Point Bank v. Treston*, 188 B.R. 9, 12 (S.D.N.Y. 1995) (citing cases), the Second Circuit's practice favors a balancing test. *In re Adelphia Commc'ns Corp.*, 361 B.R. at 346-47. *Accord In re Island Helicopters, Inc.*, No. 97-CV-4584 (FB), 1997 WL 466973, at *2 (E.D.N.Y. Aug. 13, 1997) ("Each factor need not be given equal weight but rather should be used as guides.") (quoting *In re City of Bridgeport*, 132 B.R. 81, 83 (D. Conn. 1991)).

*Irreparable Harm*

"A showing of probable irreparable harm is the principal prerequisite for the issuance of a Rule 8005 stay." *In re Adelphia Commc'ns Corp.*, 361 B.R. at 347 (quoting *Rothenberg v. Ralph D. Kaiser Co.*, 200 B.R. 461, 463 (D. D.C. 1996) (quotations omitted). The harm must be "actual and imminent", and not "remote or speculative". *Id*. (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)).

When a debtor is facing eviction, the irreparable harm prong may be satisfied. Courts have held that forcing a debtor to vacate a residence where the debtor has lived for a long time may cause irreparable harm, particularly where a sale by the bank will leave the debtor with little hope of recovering the property. *See In re Slater*, 200 B.R. 491, 495 (Bankr. E.D.N.Y. 1996) (debtor facing eviction resided in her home for twenty years) (citing *In re Issa Corp.*, 142 B.R. 75, 78 (Bankr. S.D.N.Y. 1992) (a debtor-restauranteur will "indisputably . . . suffer irreparable

injury" by denial of the stay resulting in eviction, since it would lose the restuarant)). *But see Sandra Cotton, Inc. v. Bank of New York*, 64 B.R. 262, 236 (W.D.N.Y. 1986) (Chapter 11 debtor failed to show irreparable harm because the remedy of legal damages was available if the creditor wrongfully foreclosed on the property in dispute.).

The Debtor stated on the record at the March 16, 2011 hearing that he either still has or had an interest in several investment properties and that he resides at the Hempstead Property. While, the record is not clear how long the Debtor has resided at the Hempstead Property, the Court concludes that eviction and a sale of the property by Lehman Brothers would cause irreparable harm to the Debtor because, absent a stay, the Debtor will be evicted within seventy-two hours from the date of service of the Notice to Vacate. This will force the Debtor to find alternate housing within a short period of time and creates a risk that Lehman Brothers will sell the Hempstead Property. While the Court finds that the Debtor will be irreparably harmed by denial of the stay pending appeal, the remaining factors far outweigh the harm to the Debtor.

*Possibility of Success on Appeal*

On appeal, the District Court will review the court's findings of fact for clear error and its conclusions of law *de novo*. *See Green Point Bank v. Treston*, 188 B.R. at 11 (citing *One Times Square Assocs. (In re One Times Square Assocs.)*, 165 B.R. 773, 774–75 (S.D.N.Y. 1994), *aff'd*, 41 F.3d 1502 (2d Cir. 1994). For the reasons that follow, the Court finds that the Debtor does not have a substantial possibility of success on Appeal.

The first part of the Order was a comfort order pursuant to Section 362(c)(4)(A)(i)-(ii) "confirming that no stay is in effect" because two or more cases were pending within the previous year that were dismissed. 11 U.S.C. § 362(c)(4)(A). The facts of the instant case fit

squarely within the requirements under 362(c)(4)(A)(i). *See In re Bates*, No. 10–6084, 2011 WL 1005188, at *3-4 (B.A.P. 8th Cir. March 23, 2011) (many courts find the statute is unambiguous). The Debtor filed the instant case on February 18, 2011. The Debtor filed for chapter 13 relief on August 13, 2010 (10-76401), which was automatically dismissed on September 28, 2010, and the Debtor filed for chapter 13 relief on December 6, 2010 (10-79488), which was automatically dismissed on January 21, 2011. Thus, the Debtor had two cases pending within the year prior to the instant filing that were dismissed and has no substantial possibility of success on appeal of this part of the Order.

The second part of the Order provides that the automatic stay will not apply against Lehman Brothers where the Debtor or any other person or entity claiming an interest in the subject property files for bankruptcy relief within two years of the order, unless the Debtor or the person claiming an interest in the property applies first to this Court. This relief was granted under Section 105(a) of the Code because Lehman Brothers conceded that it was not a "creditor" entitled to move for relief under Section 362(d)(4). Lehman Brothers' Motion argued that it should be afforded the same protection that a secured creditor would receive and that "[t]o not allow [Lehman Brothers] the same and/or similar relief would provide an inconsistent outcome."

The Debtor alleges on appeal that the Court violated his due process rights. Proceedings in Bankruptcy are subject to the due process requirements of the Fifth Amendment to the United States Constitution. *See Gonzalez-Ruiz v. Doral Fin. Corp. (In re Gonzalez-Ruiz)*, 341 B.R. 371, 381 (B.A.P. 1st Cir. 2006) (citing *Aboody v. United States (In re Aboody)*, 223 B.R. 36, 40 (B.A.P. 1st Cir. 1998)). Due process requires that notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an

opportunity to present objections." *Id*. (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Pursuant to Section 102(1)(A) of the Code, "after notice and a hearing" requires "such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). The bankruptcy court has considerable, but not unlimited, discretion to determine if the "notice and a hearing" requirements have been satisfied. *Id*. (citing *Finney v. Smith*, 141 B.R. 94, 101 (E.D. Va. 1992), *aff'd*, 992 F.2d 43 (4th Cir. 1993)). In the instant case, pursuant to the affidavit of service filed with the Motion, the Debtor received proper notice of the Motion on February 25, 2011 and the Debtor appeared at the March 16, 2011 hearing on the Motion. The Court also asked Lehman Brothers to settle the proposed order on the Debtor, which Lehman Brothers did on March 17, 2011. The Debtor filed his objection on March 22, 2011. The Court considered the Debtor's objection and overruled it. The Court entered the Order on March 30, 2011. Therefore, the Debtor received proper notice of the Motion and the Order.

The Court has authority to grant *in rem* relief under Section 105(a) of the Code. *See In re Gonzalez-Ruiz*, 341 B.R. 371, 385 (B.A.P. 1st Cir. 2006); *In re Henderson*, 395 B.R. 893, 901 (Bankr. D.S.C. 2008). Courts are granted broad authority under 11 U.S.C. § 105(a) to issue orders necessary to carry out provisions of the Code. *See Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 375, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007). This includes "any action that is necessary or appropriate 'to prevent an abuse of process'". *Id*. Courts have consistently held that serial filings to prevent foreclosure constitute an abuse of the bankruptcy process. *See In re Gonzalez-Ruiz*, 341 B.R. at 385 (granting *in rem* relief *sua sponte* where the

debtor filed four times and thwarted the creditor's collection efforts by filing on the eve of foreclosure); *Green Point Bank v. Treston*, 188 B.R. at 10 - 12 (denying stay pending appeal of an order granting relief from stay with prejudice where the debtor filed five times in five years and each case resulted in termination of the automatic stay or dismissal and the creditor had noticed six foreclosure sales). This is the Debtor's tenth filing that has thwarted Lehman Brothers' attempts to collect on its debt and several filings stayed foreclosure and/or eviction proceedings on the Hempstead Property.

The two-year time period for *in rem* relief was appropriate under the facts of this case. The *in rem* relief contained in the Order does not prevent the Debtor from filing a petition for relief under the Bankruptcy Code.[2] Rather, it provides that any future filing, by the Debtor or anyone claiming an interest in the Hempstead Property, within two years from entry of the Order will not operate as an automatic stay against Lehman Brothers, unless the person filing for bankruptcy relief applies to the Court for relief from the automatic stay. This is substantially the same relief that a secured creditor making similar allegations as those raised by Lehman Brothers would be entitled to under Section 362(d)(4) of the Code, which provides *in rem* relief for two years, "except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing." 11 U.S.C. § 362(d)(4). *See e.g. In re Montalvo*, 416 B.R. 381, 388 (Bankr. E.D.N.Y. 2009).

The Debtor also argued that the Court abused its discretion in review of the Debtor's

---

[2]The Trustee has filed a motion to dismiss the Debtor's case with prejudice to prohibit the Debtor from filing another petition under Chapter 13 or converting a Chapter 7 to Chapter 13 for a period of 180 days. That motion is returnable April 21, 2011. The Court has not yet heard or ruled on that motion.

counter proposal. The Court finds that a promise to make adequate protection payments is not relevant to the issue at bar. Failure to provide adequate protection is an element of a motion to lift the stay under Section 362(d)(1) of the Code. 11 U.S.C. § 362(d)(1). In the instant case, the issue to be determined was the absence of the stay under Section 362(c)(4)(A)(i) - (ii).

The Debtor's final basis for the Appeal was that the Court did not properly consider that the Debtor has a pending state court appeal. This argument falls out of bounds of the issues raised by the Order for the same reasons. The automatic stay was never in effect in the instant case. The action in state court has not been stayed by the Debtor's filing of the instant petition and the Debtor is free to pursue the rights and remedies afforded to him by state law.

For these reasons, the Court finds that the Debtor does not have a substantial possibility of success in the Appeal.

*Interest of Lehman Brothers*

The Court finds that Lehman Brothers' interest would be harmed by continued delay of its efforts to exercise its lawful rights and remedies against this Debtor. *See Green Point Bank v. Treston*, 188 B.R. at 10 - 12. The first foreclosure action was commenced against this Debtor in May 2006. This is the Debtor's tenth filing initiated shortly before significant events affecting the subject Hempstead Property.

*Public Interest*

Debtor's repeated failures to meet his obligations under the Code weigh in favor of denying the stay in the public interest. *See Green Point Bank v. Treston*, 188 B.R. at 12. The Debtor has for a number of years, and through the course of ten prior bankruptcy filings, employed a scheme intended to frustrate and delay the creditor from exercising its legitimate

rights. The Bankruptcy Code is intended to offer an honest debtor an opportunity for a fresh start. However, when the Code is utilized, as it is by this Debtor, for no legitimate purpose, the effect is to harm others who seek the protections of the Code as it was intended. This is one of the worst abuses of the system that this Court has seen in years.

*Conclusion*

Based on the entire record, the Court finds no basis to grant the Application. The Court shall enter an Order consistent with this decision.

Dated: Central Islip, New York      By**:**   */s/ **Robert E. Grossman***
       April 27, 2011                      Hon. Robert E. Grossman
                                                  United States Bankruptcy Judge